WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Angelo, Trent Cosse, Don Davis, Hans Epprecht, Lucien Riley, and Does 1–238, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Stewart Title & Trust of Phoenix, Inc.,<br><br>Defendant. | No. CV13-8031 PCT DGC<br><br>**ORDER** |

On January 16, 2013, Plaintiffs filed a class action lawsuit in Yavapai County Superior Court against Defendant Stewart Title & Trust of Phoenix, Inc. Doc. 1-2. On February 6, 2013, Defendant timely removed the case to this Court. Doc. 1. Defendant invoked the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as the basis for the Court's subject-matter jurisdiction. *Id.* Defendant has now filed a motion to dismiss for failure to state a claim. Doc. 6. Plaintiffs have responded, and do not mention or contest the Court's subject-matter jurisdiction. *See* Doc. 10. The Court nonetheless, acting *sua sponte*, orders the parties to show cause why the Court should not remand this case pursuant to either the discretionary or mandatory exceptions to CAFA subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**I.    Class Action Fairness Act**

Congress enacted CAFA, in part, to "'restore the intent of the framers of the

United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.'" *Luther v. Countrywide Home Loans Servicing LP,* 533 F.3d 1031, 1033–34 (9th Cir. 2008) (quoting Pub. L. No. 109–2, § 2(b)(2), 119 Stat. 4, 5). As explained by the Ninth Circuit,

> CAFA applies to "class action" lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." § 1332(d)(5) . . . . Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with "original" diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant. § 1332(d)(2). Thus, under CAFA, complete diversity is not required; "minimal diversity" suffices.

*Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007) (footnote omitted).

In this case, the prerequisites for subject-matter jurisdiction under CAFA are clearly satisfied. Plaintiffs bring their case on behalf of 238 putative class members. Doc. 1-2, ¶ 1. Defendant is not a State or State official. *See* Doc. 1-1. The case involves a dispute over membership deposits of $26,804,350. Doc. 1-2, ¶ 1. Finally, minimal diversity exists, as one of the named Plaintiffs is a resident of Texas (*Id.*, ¶ 7), unnamed Plaintiffs may include citizens of other states and countries (*Id.*, ¶ 19), and Defendant is a Delaware corporation with its principal place of business in Arizona (Doc. 1-1).

Although these prerequisites are satisfied, CAFA also has provisions under which this Court either "may" or "shall" decline to exercise jurisdiction. 28 U.S.C. § 1332(d)(3)–(4). As explained by the Ninth Circuit,

> [§ 1332(d)(2)] sets out the contours of original jurisdiction. In contrast, § 1332(d)(3) describes situations where district courts *may* "decline to exercise jurisdiction" "in the interests of justice and looking at the totality of the circumstances"; and § 1332(d)(4) sets out two circumstances that *require* district courts to decline jurisdiction, the so-called "local controversy" and "home-state controversy" exceptions. Implicit in both subsections (d)(3) and (d)(4) is that the court has jurisdiction, but the court either may or must decline to exercise such jurisdiction.

*Serrano,* 478 F.3d at 1022 (footnote omitted) (emphasis in original). Both the discretionary and mandatory exceptions to CAFA jurisdiction depend on the citizenship of the members of the Plaintiff class. For the discretionary exception to apply, "greater than one-third but less than two-thirds of the members of all proposed plaintiffs classes and the primary defendants [must be] citizens of the State in which the action was originally filed." § 1332(d)(3). For the mandatory exceptions to apply, greater than two-thirds of the members of all proposed plaintiff classes must be citizens of the State in which the action was originally filed. § 1332(d)(4).

Having read the pleadings, the Court believes that at least one-third, and perhaps more than two-thirds, of the class may be citizens of Arizona. Four of the five named Plaintiffs are Arizona residents. Doc. 1-2, ¶ 7. The case involves a golf resort located in Arizona. *Id.*, ¶ 1. Finally, Defendant has its principal place of business in Arizona. Doc. 1-1. From these facts, it is a reasonable, although not certain, inference that at least one-third and perhaps more than two-thirds of the class are citizens of Arizona. Therefore, the Court may have discretion or be required to decline jurisdiction over this case.

### III.   Further Briefing

The Court concludes that briefing on this issue is required. The parties shall address the six factors this Court must consider under CAFA's discretionary exception to jurisdiction, as listed in § 1332(d)(3)(A)–(F). The parties shall also address both the "local controversy" exception under § 1332(d)(4)(A), and the "home-state controversy" exception under § 1332(d)(4)(B). The parties shall file memoranda and supporting material addressing these questions, specifically focusing on the citizenship of the members of the Plaintiff class. In addressing these questions, the parties are reminded that a person's residence can be prima facie evidence of his or her place of domicile for purposes of subject-matter jurisdiction. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiffs shall file a memorandum, not to exceed 12 pages of argument, by April 12, 2013. Defendant shall file a response, not to exceed 12 pages, by

1 | April 19, 2013.  No reply will be filed.
2 | **IT IS ORDERED THAT:**
3 | 1.    Plaintiffs shall respond to this Order to Show Cause by April 12, 2013.
4 | 2.    Defendant shall respond by April 19, 2013.
5 | Dated this 29th day of March, 2013.

*David G. Campbell*
United States District Judge