**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Angelo, Trent Cosse, Don Davis, Hans Epprecht, Lucien Riley, and Does 1–238, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Stewart Title & Trust of Phoenix, Inc.,<br><br>Defendant. | No. CV13-8031 PCT DGC<br><br>**ORDER** |

Defendant Stewart Title & Trust of Phoenix, Inc., has filed a motion to dismiss. Doc. 6. Before ruling on the motion, the Court ordered the parties to show cause why the Court should not remand this case pursuant to either the discretionary or mandatory exceptions to subject-matter jurisdiction under the Class Action Fairness Act ("CAFA"). Doc. 16. The parties have submitted responsive memoranda. Docs. 19, 20.

Congress enacted CAFA, in part, to "'restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.'" *Luther v. Countrywide Home Loans Servicing LP,* 533 F.3d 1031, 1033-34 (9th Cir. 2008) (quoting Pub. L. No. 109–2, § 2(b)(2), 119 Stat. 4, 5). As explained by the Ninth Circuit,

> CAFA applies to "class action" lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not "States, State officials, or other

> governmental entities against whom the district court may be foreclosed from ordering relief." § 1332(d)(5) . . . . Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with "original" diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant. § 1332(d)(2). Thus, under CAFA, complete diversity is not required; "minimal diversity" suffices.

*Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007) (footnote omitted).

In this case, the prerequisites for subject-matter jurisdiction under CAFA are satisfied. Plaintiffs bring their case on behalf of 238 putative class members. Doc. 1-2, ¶ 1. Defendant is not a state or state official. *See* Doc. 1-1. The case involves a dispute over membership deposits of $26,804,350. Doc. 1-2, ¶ 1. Finally, minimal diversity exists, as one of the named plaintiffs is a resident of Texas (*Id.*, ¶ 7), unnamed class members may include citizens of other states and countries (*Id.*, ¶ 19), and Defendant is a Delaware corporation with its principal place of business in Arizona (Doc. 1-1).

Although these prerequisites are satisfied, CAFA also has provisions under which this Court either "may" or "shall" decline to exercise jurisdiction. 28 U.S.C. § 1332(d)(3)-(4). As explained by the Ninth Circuit,

> [§ 1332(d)(2)] sets out the contours of original jurisdiction. In contrast, § 1332(d)(3) describes situations where district courts *may* "decline to exercise jurisdiction" "in the interests of justice and looking at the totality of the circumstances"; and § 1332(d)(4) sets out two circumstances that *require* district courts to decline jurisdiction, the so-called "local controversy" and "home-state controversy" exceptions. Implicit in both subsections (d)(3) and (d)(4) is that the court has jurisdiction, but the court either may or must decline to exercise such jurisdiction.

*Serrano,* 478 F.3d at 1022 (footnote omitted) (emphasis in original). Both the discretionary and mandatory exceptions to CAFA jurisdiction depend on the citizenship of the class members. For the discretionary exception to apply, "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes and the primary defendants [must be] citizens of the State in which the action was originally filed." § 1332(d)(3). For the mandatory exceptions to apply, greater than two-thirds of the

members of all proposed plaintiff classes must be citizens of the State in which the action was originally filed.  § 1332(d)(4).

The parties agree that the mandatory exceptions do not apply.  Doc. 19 at 2; Doc. 20 at 2.  With respect to the discretionary exception, Plaintiffs submit that 53.4% of the class members are Arizona residents.  Doc. 19 at 2.  Defendants do not dispute that more than one-third of the proposed class members are citizens of Arizona.  And as noted above, Defendant has its principal place of business in Arizona.

The Court must consider six factors in deciding whether to exercise its discretion to remand the case to state court.  28 U.S.C. § 1332(d)(3)(A)-(F).  The parties agree that the second, third, and fourth factors favor remand (Doc. 19 at 2-4; Doc. 20 at 3-4), and the Court finds that all six factors clearly favor remand.  This case concerns the Defendant's administration of an escrow account, a matter that is not of significant national or interstate interest.  The complaint asserts claims that will be governed by Arizona law,  and was not pled to avoid federal jurisdiction.  Yavapai County is a forum with a distinct nexus to this action because the alleged harm relates to the handling of an escrow account dedicated to the construction of a facility in Yavapai County.  Doc. 1-1, ¶ 6.  More than one-half of the members of the proposed class are citizens of Arizona, and after considering the citizenship of the non-Arizona class members, the Court finds that no other state has an interest comparable to Arizona's.  *See, e.g.*, Doc. 20 at 4 ("[47%] of the putative Plaintiffs are *dispersed* all across the United States, with at least three Plaintiffs living in Switzerland and Canada." (emphasis added)).  Finally, no other class action involving similar claims has been filed during the three-year period preceding the filing of this action, and the filing of a related bankruptcy action is not a consideration identified in the statute.

In summary, "this case does not possess the interstate character or bear the interstate implications that underpin CAFA's enlargement of federal jurisdiction." *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 462 (D.N.J. 2007).  The Court therefore will decline to exercise subject matter jurisdiction.

1 **IT IS ORDERED** that the Clerk shall remand this case to Yavapai County
2 Superior Court.
3 Dated this 23rd day of May, 2013.

_____
David G. Campbell
United States District Judge